# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LLOYDS OF KANSAS, LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 11-4043-CM |
| FEDERAL DEPOSIT INSURANCE ) | |
| CORPORATION ) | |
| as Receiver of ) | |
| SECURITY SAVINGS BANK, F.S.B., ) | |
| and ) | |
| ) | |
| OLD REPUBLIC NATIONAL TITLE ) | |
| INSURANCE COMPANY, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Lloyds of Kansas, L.L.C. brought this breach of contract action in Saline County District Court against defendants Old Republic National Title Insurance Company, Inc. (Old Republic) and Security Savings Bank, F.S.B. (SSB) in June of 2010. Defendant SSB subsequently failed and the Federal Deposit Insurance Corporation (FDIC) was appointed as its receiver in October of 2010. On December 20, 2010, defendant Old Republic filed a Motion to Substitute the FDIC for SSB. The state court then entered an order substituting the FDIC for Defendant SSB on April 13, 2011. Following its substitution, the FDIC filed a Notice of Removal (Doc. 1) with this court on April 26, 2011.

Plaintiff has filed a Motion to Remand this case to state court (Doc. 3), alleging untimely removal by the FDIC. The question presented by the motion is what event triggers the running of the 90-day period for the FDIC to remove a case provided by 12 U.S.C. § 1819. This question is unresolved in the Tenth Circuit.

"[T]he [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court *before the end of the 90-day period beginning on the date* the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is *substituted as a party*." 12 U.S.C. § 1819(b)(2)(B) (West 2011) (emphasis added). More narrowly stated, the issue is when and by what procedure the FDIC is substituted as a party within the meaning of § 1819, which starts the 90-day period to remove a case.

This issue raises a question that indirectly involves the court's jurisdiction. "Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)). 12 U.S.C. § 1819(b)(2)(A) provides that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." This provision instantly establishes federal subject matter jurisdiction under 28 U.S.C. § 1331 to any case where the FDIC is a party. This is especially important in the present case because the substance of plaintiff's claim contains no federal question and the parties lack complete diversity. Without the presence of the FDIC, there would be no jurisdiction for this court to exercise.

Under a plain reading of § 1819(b)(2)(B), the FDIC is not substituted as a party, and thus the 90-day period for removal does not begin, until the state court orders the FDIC substituted. Before that time, this court would not have jurisdiction over the instant case. The Sixth Circuit and a district court from the Ninth Circuit have adopted this approach. *See Village of Oakwood v. State Bank & Trust Co.*, 481 F.3d 364, 368 (6th Cir. 2007) (holding that the FDIC filing a motion to intervene did not, on its own, create subject matter jurisdiction); *J.E. Dunn Nw. Inc. v. Salpare*

*Bay, LLC*, No. CIV. 09-1068-KI, 2009 WL 3571354, at *4 (D. Or. Oct. 26, 2009) (remanding the case to state court because the FDIC removed before it became a party by court order).

Plaintiff argues that the 90-day period for removal began on December 20, 2010 when defendant Old Republic filed an unopposed motion to substitute the FDIC for SSB. To support this argument, plaintiff relies almost exclusively on an unpublished district court opinion from the Western District of Missouri. *Gilmor v. Preferred Credit Corp.*, No. 10-0189-CV-W-ODS, 2010 WL 1693034, at *2 (W.D. Mo. Apr. 27, 2010) (holding that notice to the state court that the FDIC has been appointed as receiver for a party is sufficient grounds for removal). The court in *Gilmor* relied on the Resolution Trust Corporation (RTC) removal statute, 12 U.S.C. § 1441a(l)(3)(B), to support its decision. *Id.* This statute states that "[t]he [RTC] shall be deemed substituted . . . upon the filing . . . of such other pleading informing the court that the [RTC] has been appointed conservator or receiver." 12 U.S.C. § 1441a(l)(3)(B). However, the *Gilmor* court also noted that regardless of whether the case was removable at the time the defendants removed it, jurisdiction had since been conferred. 2010 WL 1693034, at *2.

Although similar in nature to the FDIC, the statutory rules set forth for the RTC are for the RTC alone. Absent a "clearly expressed legislative intention to the contrary," the language of a statute itself is conclusive. *Burlington N. R.R. Co. v. Okla. Tax Comm'n*, 481 U.S. 454, 461 (1987). The only clearly expressed legislative intention in the most recent amendment to § 1819, the FDIC Improvement Act of 1991, is for the "FDIC Removal Period [to be] Made Consistent with [the] RTC period." H.R. Res. 289, 102nd Cong. § 161(d) (1991) (enacted). This is not sufficient evidence to justify a departure from a plain reading of § 1819 and apply the RTC statute's rules to the FDIC, as it merely changed the removal period from 30 to 90 days without mentioning specific rules about substitution.

-3-

Plaintiff also relies on a decision from the Seventh Circuit, which first made the comparison between § 1441a and § 1819. *Buczkowski v. FDIC*, 415 F.3d 594, 597 (7th Cir. 2005) (holding that the 90-day period begins when the FDIC becomes a party through a specific filing in court). *Buczkowski* is distinguishable from the present case. In *Buczkowski*, the FDIC itself intervened in the suit and then sought to remove the case, and it was this filing that opened the 90-day period. *Id.* at 595–96. In contrast, this case presents a situation where a co-defendant has moved to substitute the FDIC. *Buczkowski*'s reasoning does not apply here because the FDIC never appeared in state court for this case before April of 2011.

The adoption of the approach in *Buczkowski* and *Gilmor* would allow the FDIC itself or some other party in a suit to determine whether and when there is federal subject matter jurisdiction under § 1819. This effectively divests the state court of the authority to determine whether substitution of the FDIC is appropriate in a given case. The court declines to adopt such an approach absent clear Congressional authorization.

The FDIC's removal was timely, and the court will not remand the case to state court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 3) is denied.

Dated this 28th day of June 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
